## RINEHART *v.* GIBSON.

PATENTS; INTERFERENCE; PRIORITY OF INVENTION; ORIGINALITY.

1. The inventor of an appliance, the dates of whose conception, reduction to practice, and application in the Patent Office are earlier than those claimed by another, is entitled to an award of priority, especially where the latter is chargeable with lack of originality.
2. As between two patent applicants presenting substantially the same device, lack of originality will defeat the one who obtained information concerning the other's invention before doing any work upon the invention himself, acting for his employer to whom he assigned his application, and to whom the other had previously disclosed his invention, and contracted for its control upon a royalty basis.

No. 807. Patent Appeals. Submitted November 19, 1912. Decided December 2, 1912.

HEARING on an appeal from a decision of a Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Horace Pettit* for the appellant.

*Mr. Ernest Howard Hunter* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, Bentley L. Rinehart, appeals from a decision of

the Commissioner of Patents, awarding priority of invention to appellee, Robert L. Gibson, for an improvement in the mounting of diaphragms in sound boxes for use in talking machines.

The issue of the interference is in two counts, as follows:

"1. In a sound box, the combination with a diaphragm, of a mounting therefor, a fabric between said mounting and said diaphragm, and frictionally retained in said mounting to hold said diaphragm in place.

"2. In a sound box, the combination with a diaphragm, of a mounting therefor, and a strip of fabric between the edge of said diaphragm and the surface of said mounting, said strip being of normally uniform thickness and being frictionally retained by said mounting to hold said diaphragm in place."

Rinehart alleges conception and disclosure in the spring of 1906 and reduction to practice in the summer of the same year. Gibson alleges conception, disclosure, and reduction to practice in the latter part of 1901. Rinehart filed his application in the Patent Office September 6, 1907, and Gibson filed May 7, 1907.

It appears that Rinehart's application is assigned to the Victor Talking Machine Company. This company, according to a contract appearing in the record, controls any inventions in sound boxes for phonographs made by Gibson, for which it pays him a royalty of 10 cents for each diaphragm used. It is conceded that Gibson made sound boxes embodying the invention in issue in the years 1901, 1902, and 1906. This conception of the invention by Gibson is established long prior to any date claimed by Rinehart. The tribunals awarded Gibson his filing date, May 7, 1907, as the date of constructive reduction to practice. It is unnecessary to analyze the evidence for an earlier date, which we think it might well support, since the date awarded him is sufficient.

At the outset we are confronted with a serious question as to originality on the part of Rinehart. His preliminary statement was made by an officer of the Victor Talking Machine Company, and no attempt was made to verify the dates therein named. Gibson testifies that the boxes which he made in 1901

and 1902 were turned over to the Victor Talking Machine Company, and this is not denied. A formal demand upon counsel for Rinehart for the production of these boxes met with no response. This, therefore, was a disclosure of the invention by Gibson to appellant's assignee. The motive for acquiring the invention by the Victor Talking Machine Company through Rinehart is manifest, in that it would thereby evade the payment of royalty to Gibson under its contract. Rinehart prior to, and at the time of, the making of his application for patent, was in the employ of the Victor Talking Machine Company.

It appears from the testimony of one Coleman, a witness for Rinehart, that he did some of the work for Gibson on the 1901 and 1902 boxes, and that he understood the present issue to be embodied in the boxes then made. Both Rinehart and Coleman testified that Coleman did the constructive work on the boxes, which form the basis of Rinehart's claim to priority. It is hardly possible that Coleman would not impart to Rinehart the knowledge he acquired from Gibson several years before. But, more conclusive still is the uncontradicted evidence that, by agreement between Gibson and one Johnson, president of the Victor Talking Machine Company, Rinehart, as an employee and representative of the company, was admitted, on February 13, 1907, to the private laboratory of Gibson for the purpose of investigating the merits of a new sound recording apparatus. Gibson testifies that there was then in use upon the recording apparatus a sound box embodying the present issue, and that there were several others in the same room. When Rinehart, on cross-examination, was asked the question whether he saw in Gibson's laboratory any sound box embodying the issue, he was not permitted to answer on advice of his counsel. While it is agreed by both Rinehart and Gibson that they did not discuss the subject-matter in issue, Rinehart had abundant opportunity of observing the invention and deriving it from Gibson. We agree with the tribunals of the Patent Office that it is highly improbable that Rinehart should have overlooked the sound box entirely while examining the recording instrument. Inasmuch as this occurred a month prior to the date

of a certain letter appearing in the record, which Rinehart refers to as fixing a date prior to the construction of his earliest boxes embodying the issue, we must conclude that if he did not derive the knowledge of the invention through Coleman, he undoubtedly did derive it from his investigation in Gibson's laboratory. Like fraud, lack of originality is difficult of proof by direct evidence. It can generally only be established from the circumstances of the case. It is difficult to conceive of a clearer case, however, than the one before us.

For lack of originality on the part of Rinehart, the decision of the Commissioner must be affirmed; but we may suggest, if considered upon the merits, independently of any question of originality, the decision would not be different.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                     *Affirmed.*